UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE D. HINTON, | § § | |
| Plaintiff, | § § | Case No.: |
| v. | § § | |
| UNIVAR SOLUTIONS | § § | |
| Defendant. | § § § | TRIAL BY JURY DEMANDED |
| | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

WILLIE D. HINTON, (hereinafter "Plaintiff"), complains of UNIVAR SOLUTIONS (hereinafter "Defendant"), and for cause of action would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about retaliation under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and race discrimination and under 42 U.S.C. §1981.

3. This action seeks compensatory damages, plus lost wages (past, present, and future), punitive damages, attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4.      Plaintiff, Willie D. Hinton, is a resident of Webster, Texas.

5.      Defendant, Univar Solutions, can be served upon its registered agent, Corporation Service

Company d/b/a CSC – Lawyers Inco., 211 E. 7th St., Ste. 620, Austin, Texas 78701.

## VENUE

6.      Venue is appropriate in the United States District Court for the Southern District of Texas,

Houston Division, in that the Defendant can be said to reside and/or do business in this

district as required under 28 U.S.C. § 1391(e). Alternatively, venue is appropriate because

a substantial part of the events or omissions giving rise to the claim occurred here. *See* 28

U.S.C. § 1391(b)(2).

## JURISDICTION

7.      This Court also has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal

question jurisdiction) under Title VII, as amended, for employment discrimination

predicated on retaliation for opposing an unlawful employment practice and participating

in a protected activity, as well as 42 U.S.C. §1981 for employment discrimination

predicated on Plaintiff's race.

8.      The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

9.      All conditions precedent to the filing of this action have been met by Plaintiff in that he

has filed a timely complaint with the Equal Employment Opportunity Commission and has

exhausted all other administrative remedies from said agency to pursue his claims.

## FACTS

Upon information and belief, Plaintiff alleges as follows:

10.     Plaintiff identifies as Black.

11.     Plaintiff was hired by Defendant in February 2017 as a truck driver.

12.     Plaintiff served as a truck driver until his termination in June 2020.

13.     At the time of Plaintiff's termination, Plaintiff's supervisor was Mario Victor (non-black).

14.     Mario Victor frequently used derogatory and racist remarks while on the job site, and during work hours.

15.     This language made Plaintiff uncomfortable and Plaintiff frequently told Mr. Victor that this language was inappropriate. Mr. Victor ignored Plaintiff's complaints and continued with his racist remarks, making for a very hostile work environment.

16.     After multiple conversations with Mr. Victor, Plaintiff sought to report Mr. Victor to Defendant's Human Resources Department.

17.     Plaintiff left several messages with Defendant's Human Resources Department regarding Mr. Victor's language.

18.     On May 29, 2020, a co-worker, Milton Pettit, engaged in a verbal altercation with Plaintiff. Plaintiff asked Mr. Pettit about the status of a truck that Plaintiff would be using the following Monday. Mr. Pettit responded with hostility.

19.     Ultimately, Mr. Pettit reported to Mr. Victor that Plaintiff instigated an altercation and falsely claimed Plaintiff followed Petit after work hours to continue the altercation.

20.     In approximately the middle of June 2020, Plaintiff received a call from Human Resources. Plaintiff believed that a Human Resources representative was finally returning his calls regarding Mario Victor's racist language and hostile work environment. However, the representative stated that she was calling regarding the May 29, 2020 incident. Plaintiff answered the representative's questions and then talked about Mario Victor's conduct (the subject of his prior calls).

21.    On June 29, 2020, Plaintiff was terminated by Eric Hammons, the Manager of Field Tech

Operations. Mr. Hammons claimed that Plaintiff had accumulated three disciplinary write-

ups within the past calendar year, and that two of these write-ups occurred in March 2020.

Plaintiff had never seen these write-ups and was surprised, as Univar policy required that

a disciplinary write up be timely presented to an employee for feedback and coaching.

22.    The disciplinary write ups were prepared by Lloyd Pete, a close personal friend of Mario

Victor. Mr. Pete and Mr. Victor frequently ride together in the same motorcycle club.

23.    These alleged March 2020 disciplinary write-ups were fabricated by Lloyd Pete on Mario

Victor's behalf in retaliation for Plaintiff's complaints of discrimination.

## COUNT I

## TERMINATION ON THE BASIS OF RETALIATION

24.    Plaintiff re-alleges and incorporates into count one paragraphs 1-23.

25.    Defendants, by and through its agents and employees, intentionally engaged in the

aforementioned practices, policies, customs and usages made unlawful by Title VII,

because of its retaliation for opposition to unlawful employment practices and participation

in an equal employment opportunity process.

26.    Defendants, acting by and through its employees, maintained a policy of retaliation, in

violation of the foregoing statutes against Plaintiff.

27.    If Plaintiff had not opposed an unlawful employment practice and sought to file a

complaint with Human Resources, he would not have been terminated.

## COUNT II

## RACE DISCRIMINATION UNDER 42 U.S.C. §1981

28.    Plaintiff re-alleges and incorporates into count two, paragraphs 1-23.

29.     The statute located at 42 U.S.C. § 1981(a) provides that "[a] persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

30.     "'Make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981.

31.     Defendant, by and through their agents and employees, including but not limited to Mario Victor, engaged in the aforementioned practices, policies, customs and usages made unlawful by 42 U.S.C. §1981.

32.     Had Plaintiff been of a different race, he would not have been subjected to discrimination that caused Plaintiff to be terminated.

33.     By the conduct described above, Defendant, Univar Solutions, Inc. intentionally deprived Plaintiff of the same rights as are enjoyed by white individuals to the performance, enjoyment and all benefits and privileges, of his contractual relationship with Defendant, in violation of 42 U.S.C. §1981.

34.     As a direct, legal and proximate result of this discrimination, Plaintiff has sustained economic injuries, resulting in damages in an amount to be proven at trial.

## DAMAGES

35.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including

but not limited to emotional distress.

## PUNITIVE DAMAGES

36.   Defendant's actions were intentional, willful, harsh, oppressive, and malicious. The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

37.   Defendant's actions and conduct, as described herein, and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

38.   Plaintiff hereby restates his request for a jury trial.

## INJUNCTIVE RELIEF

39.   Plaintiff seeks injunctive relief requiring Defendant to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII of the Civil Rights Act of 1964, as amended.

40.   Plaintiff especially seeks a mandatory injunction ordering Defendant to reinstate Plaintiff to his job.

41.   Plaintiff seeks injunctive relief requiring Defendant to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations

and complaints. Such specific actions include, but are not limited to:

    a.   allocation of significant funding and trained staff to implement all changes within two years;

    b.   discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    c.   establishing and strictly measuring EEO compliance as a critical element in  every manager's performance standards;

    d.   creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e.   mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations, and appropriate corrective actions;

    f.   reinstating Plaintiff to his position.

## PRAYER

42.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a.   Back Pay;

    b.   Pre-Judgment Interest on Back Pay;

    c.   Front Pay;

    d.   Compensatory Damages, including, but not limited to, emotional distress;

    e.   Injunctive and Affirmative Relief;

f.   Attorney's Fees and Costs;

g.   Pain and suffering;

h.   Reinstatement;

i.   Post-Judgment Interest;

j.   Such other and further relief, at law or in equity, general or special to which

Plaintiff may show he is justly entitled.


Dated: November 18, 2020                    Respectfully submitted,

                                            **COANE AND ASSOCIATES, PLLC**

                                            By: /s/Bruce A. Coane
                                            Bruce A. Coane, Attorney-in-Charge
                                            S.D. Tex. # 7205
                                            TX Bar # 04423600
                                            Email: bruce.coane@gmail.com
                                            Matthew P. Swiger
                                            S.D. Tex. #2276929
                                            TX Bar # 24088495
                                            Email: matt.swiger@coane.com
                                            Coane and Associates, PLLC
                                            5177 Richmond Ave., Suite 770
                                            Houston, TX 77056
                                            Telephone: 713-850-0066
                                            Facsimile: 713-850-8528
                                            **ATTORNEYS FOR PLAINTIFF**